## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | | |
|---|---|---|
| MARK K. JANUARY and WANDA W. JANUARY | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. 3:23-cv-00431-REP |
| EQUIFAX INFORMATION SERVICES, LLC; AMERIHOME MORTGAGE COMPANY, LLC; and MIDLAND MORTGAGE, A DIVISION OF MIDFIRST BANK, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## MIDFIRST BANK'S ANSWER TO
## FIRST AMENDED COMPLAINT

NOW COMES Defendant, MidFirst Bank, incorrectly named as Midland Mortgage, a Division of MidFirst Bank Company ("MidFirst"), by and through its undersigned counsel, and answers the Plaintiffs Mark K. January and Wanda W. January (collectively as "Plaintiffs") First Amended Complaint as follows:

### PRELIMINARY STATEMENT

1.  It is denied that MidFirst violated the Fair Credit Reporting Act ("FCRA"). The remaining allegations contained in Paragraph 1 of the First Amended Complaint alleges a legal conclusion to which no response is required.  To the extent that a response is deemed necessary, and Paragraph 1 sets forth allegations contrary to law, such allegations are denied.

## JURISDICTION VENUE AND JURY DEMAND

2.      Paragraph 2 of the First Amended Complaint alleges a legal conclusion and a recitation of statutes to which no response is required. To the extent a response is deemed necessary, and Paragraph 2 sets forth allegations contrary to law, such allegations are denied.

3.      MidFirst lacks sufficient information to admit or deny Plaintiffs' residency and whether the majority of the actions claimed occurred within this jurisdiction, therefore they are denied. The remaining allegations contained in Paragraph 3 of the First Amended Complaint alleges a legal conclusion to which no response is required. To the extent that a response is deemed necessary, and Paragraph 3 sets forth allegations contrary to law, such allegations are denied.

4.      It is denied that MidFirst caused tortious damages. The remaining allegations contained in Paragraph 4 of the First Amended Complaint alleges a legal conclusion to which no response is required. To the extent that a response is deemed necessary, and Paragraph 4 sets forth allegations contrary to law, such allegations are denied.

5.      Paragraph 5 of the First Amended Complaint makes a demand for trial by jury and therefore, does not contain factual allegations asserted against MidFirst that requires a response.

## PARTIES

6.      MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 6 of the First Amended Complaint; therefore, they are denied.

7.      Paragraph 7 of the First Amended Complaint alleges a legal conclusion to which no response is required. To the extent a response is deemed necessary, and Paragraph 7 sets forth allegations contrary to law, such allegations are denied.

8.      MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 8 of the First Amended Complaint; therefore, they are denied.

9.      Paragraph 9 of the First Amended Complaint alleges a legal conclusion to which no response is required. To the extent a response is deemed necessary, and Paragraph 9 sets forth allegations contrary to law, such allegations are denied.

10.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 10 of the First Amended Complaint; therefore, they are denied.

11.     Paragraph 11 of the First Amended Complaint alleges a legal conclusion as to whether Equifax is a "consumer Reporting Agency" as defined by 15 U.S.C. § 1681a(p), and therefore no response is required.  To the extent a response is deemed necessary, such allegations are denied. Furthermore, MidFirst lacks sufficient information to admit or deny the remaining allegations of Paragraph 11 of the First Amended Complaint; therefore, they are denied.

12.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 12 of the First Amended Complaint; therefore, they are denied.

13.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 13 of the First Amended Complaint; therefore, they are denied.

14.     MidFirst denies the allegations in Paragraph 14. MidFirst Bank is a federally chartered savings association with its main office in Oklahoma.  Midland Mortgage is the servicing division of MidFirst Bank.  MidFirst Bank can be served through their Corporate Secretary at their main office in Oklahoma.

15.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 15 of the First Amended Complaint; therefore, they are denied.

## FACTS COMMON TO BOTH PLAINTIFFS

16.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 16 of the First Amended Complaint; therefore, they are denied.

17.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 17 of the First Amended Complaint; therefore, they are denied.

18.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 18 of the First Amended Complaint; therefore, they are denied.

19.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 19 of the First Amended Complaint; therefore, they are denied.

20.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 20 of the First Amended Complaint; therefore, they are denied.

21.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 21 of the First Amended Complaint; therefore, they are denied.

22.     Paragraph 22 of the First Amended Complaint is admitted.

23.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 23 of the First Amended Complaint; therefore, they are denied.

## FACTS AS TO MARK JANUARY

24.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 24 of the First Amended Complaint; therefore, they are denied.

25.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 25 of the First Amended Complaint; therefore, they are denied.

26.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 26 of the First Amended Complaint; therefore, they are denied.

27.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 27 of the First Amended Complaint; therefore, they are denied.

28.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 28 of the First Amended Complaint; therefore, they are denied.

29.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 29 of the First Amended Complaint; therefore, they are denied.

30.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 30 of the First Amended Complaint; therefore, they are denied.

31.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 31 of the First Amended Complaint; therefore, they are denied.

32.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 32 of the First Amended Complaint; therefore, they are denied.

33.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 33 of the First Amended Complaint; therefore, they are denied.

34.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 34 of the First Amended Complaint; therefore, they are denied.

35.   Paragraph 35 of the First Amended Complaint is denied.

## FACTS AS TO WANDA JANUARY

36.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 36 of the First Amended Complaint; therefore, they are denied.

37.   MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 37 of the First Amended Complaint; therefore, they are denied.

38.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 38 of the First Amended Complaint; therefore, they are denied.

39.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 39 of the First Amended Complaint; therefore, they are denied.

40.     Paragraph 40 of the First Amended Complaint is denied.

41.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 41 of the First Amended Complaint; therefore, they are denied.

42.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 42 of the First Amended Complaint; therefore, they are denied.

43.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 43 of the First Amended Complaint; therefore, they are denied.

44.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 44 of the First Amended Complaint; therefore, they are denied.

45.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 45 of the First Amended Complaint; therefore, they are denied.

46.     Paragraph 46 of the First Amended Complaint is denied.

47.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 47 of the First Amended Complaint; therefore, they are denied.

48.     Paragraph 48 of the First Amended Complaint is denied.

49.     MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 49 of the First Amended Complaint; therefore, they are denied.

50.     Paragraph 50 of the First Amended Complaint is denied.

51.     Paragraph 51 of the First Amended Complaint is denied.

**COUNT ONE:**
**CLAIM FOR RELIEF**
**AS TO AMERIHOME MORTGAGE COMPANY, LLC AND MIDLAND (*sic*)**
**MORTGAGE CORPORATION**
**15 U.S.C. § 1681s-2(b)**

52.   Paragraph 52 of the First Amended Complaint does not contain factual allegations that require a response.

53.   Paragraph 53 of the First Amended Complaint is denied.

54.   Paragraph 54 of the First Amended Complaint is denied.

55.   Paragraph 55 of the First Amended Complaint is denied.

56.   Paragraph 56 of the First Amended Complaint is denied.

57.   Paragraph 57 of the First Amended Complaint is denied.

58.   Paragraph 58 of the First Amended Complaint is denied.

59.   Paragraph 59 of the First Amended Complaint is denied.

**COUNT TWO:**
**CLAIM FOR RELIEF AS TO EQUIFAX.**
**15 U.S.C. § 1681e(b)**

60.   Paragraph 60 of the First Amended Complaint does not contain factual allegations that require a response.

61.   Paragraph 61 of the First Amended Complaint contains factual allegations against Defendant Equifax Information Services, LLC ("Equifax"), and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 61; therefore, they are denied.

62.   Paragraph 62 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is

required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 62; therefore, they are denied.

63.     Paragraph 63 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 63; therefore, they are denied.

64.     Paragraph 64 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 64; therefore, they are denied.

65.     Paragraph 65 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 65; therefore, they are denied.

## COUNT THREE
## CLAM FOR RELIEF AS TO EQUIFAX
### 15 U.S.C. § 1681i(a)

66.     Paragraph 66 of the First Amended Complaint does not contain factual allegations that require a response.

67.     Paragraph 67 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 67; therefore, they are denied.

68.     Paragraph 68 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 68; therefore, they are denied.

69.     Paragraph 69 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 69; therefore, they are denied.

70.     Paragraph 70 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 70; therefore, they are denied.

71.     Paragraph 71 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 71; therefore, they are denied.

72.     Paragraph 72 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 72; therefore, they are denied.

73.     Paragraph 73 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is

required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 73; therefore, they are denied.

74.   Paragraph 74 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 74; therefore, they are denied.

75.   Paragraph 75 of the First Amended Complaint contains factual allegations against Equifax, and therefore does not require a response from MidFirst. To the extent a response is required, MidFirst lacks sufficient information to admit or deny the allegations of Paragraph 75; therefore, they are denied.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense: (Failure to State a Claim)

The First Amended Complaint fails to state any claims against MidFirst upon which this Court may grant relief.

### Second Affirmative Defense: (Bona Fide Error)

The First Amended Complaint is barred, in whole or in part, because any alleged wrongful conduct on the part of MidFirst, which MidFirst denies and is assumed only for the purpose of this affirmative defense, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Third Affirmative Defense: (True and Accurate Reporting)

The First Amended Complaint is barred, in whole or in part, because if MidFirst furnished information related to Plaintiffs, the information was true and accurate.

### Fourth Affirmative Defense: (Estoppel/Waiver/Laches)

The First Amended Complaint is barred, in whole or in part, by the conduct, actions, and inactions of Plaintiffs, which support defenses based on estoppel, waiver, and/or laches.

### Fifth Affirmative Defense: (Failure to Mitigate)

To the extent that Plaintiffs suffered any damage as a result of the matters alleged in the First Amended Complaint, Plaintiffs failed to mitigate those damages and the claims therefore are barred, in whole or in part.

### Sixth Affirmative Defense: (Unclean Hands)

Plaintiffs may obtain no relief under the First Amended Complaint by reason of the doctrine of unclean hands.

### Seventh Affirmative Defense: (Punitive Damages)

Plaintiffs are not entitled to punitive damages for the purpose of punishing MidFirst. Any award of punitive damages that is not based on the substantive limitations and principles set forth in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513 (2003) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc*., 121 S. Ct. 1678 (2001), would violate MidFirst's rights under the Due Process Clause, the Fourteenth Amendment and other provisions of the United States Constitution.

### Eighth Affirmative Defense: (Contributory Negligence)

Plaintiffs are barred from recovery because they were contributorily negligent the damages that they sustained as alleged in the First Amended Complaint.

### Ninth Affirmative Defense: (Acts and Omissions of a Third Party)

If Plaintiffs incurred any loss or damage as alleged in the First Amended Complaint, such loss or damage resulted from the acts or omissions of another party or parties, over whom MidFirst

neither exercised nor had any right of control, for which MidFirst is not responsible, and whose conduct MidFirst had no duty or reason to anticipate or control.

<u>Eighth Affirmative Defense: (Reservation of Right to Assert Additional Defenses)</u>

MidFirst reserves the right to assert any additional defenses as may be warranted or as may be revealed by additional information received in discovery.

WHEREFORE, Defendant MidFirst Bank respectfully prays the Court as follows:

1. That the Plaintiffs have and recover nothing by way of their First Amended Complaint and this action be dismissed with prejudice;

2. That the costs of this action, including MidFirst Bank's attorneys' fees as permitted by law, be taxed against the Plaintiffs; and

3. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this the 22nd the day of January, 2024.

NELSON MULLINS RILEY & SCARBOROUGH LLP

 */s/ David M. Barnes, Jr.*
David M. Barnes, Jr., Esq. (VSB No. 86747)
101 Constitution Ave., N.W., Suite 900
Washington, D.C. 20001
Tel:  (202) 689-2885
Fax:  (202) 689-2860
Email: david.barnes@nelsonmullins.com

*Counsel for Defendant Midland Mortgage
Company*

## CERTIFICATE OF SERVICE

        I hereby certify on January 22, 2024, that the foregoing document was served via the CM/ECF list maintained by the Court in this matter upon the parties listed below:

Charles H. Krumbein
Krumbein & Associates
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230

Jason Meyer Krumbein
Krumbein Consumer Legal Services Inc.
1650 Willow Lawn Drive, Suite 201
Richmond, VA 23230
*Counsel for Plaintiffs*

John Willard Montgomery, Jr.
Traylor Montgomery & Elliott PC
130 E. Wythe Street
Petersburg, VA 23803
*Counsel for Equifax Information Services, LLC*

Jason Emmanuel Manning
Troutman Pepper Hamilton Sanders LLP
220 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
*Counsel for AmeriHome Mortgage Company, LLC*


        */s/ David M. Barnes, Jr.*
        David M. Barnes, Jr.